ATLAS FENCE COMPANY, ET AL., COMPLAINANTS–RESPONDENTS, v. WEST RIDGELAWN CEMETERY, ET AL., DEFENDANTS–RESPONDENTS, AND ADAM FRANK, ET AL., DEFENDANTS–APPELLANTS (THREE CASES).

Argued October 25, 1948—Decided November 29, 1948.

*Mr. Adam Frank* argued the cause pro se, as an appellant in the first case.

*Mr. Ernest Kurzrok* argued the causes pro se, as appellant in all of the cases.

*Mr. John J. Clancey* argued the causes for the receiver of the respondent, West Ridgelawn Cemetery in all of the cases.

*Mr. William L. Vieser* argued the causes for the respondent, Cresthaven Cemetery Association, Inc. in the second case; and for that association and King Solomon Cemetery, Inc. as respondents in the third case (*Messrs. Kessler & Kessler,* attorneys).

The opinion of the court was delivered by

ACKERSON, J. In 1931 the West Ridgelawn Cemetery was placed in receivership in a suit instituted by the Atlas Fence Company and other creditors. The above entitled causes involve appeals from seven interlocutory orders of the former Court of Chancery made in the course of the receivership proceedings, and having been argued together, will now be disposed of in that manner. It seems appropriate to observe that the present appeals are the latest examples of the internecine legal warfare that has been waged by contending factions involved in the proceedings over the past seventeen years during which upwards of seventeen cases are reported wherein the West Ridgelawn Cemetery appeared as either plaintiff or defendant, and during which time the receiver has rendered seventeen intermediate accountings.

The situation with respect to the cemetery so far deteriorated that on October 29, 1938 the receiver was ordered to conclude a contract with the Cresthaven Cemetery Association obligating the latter to sell the remaining lands of the West Ridgelawn. Cemetery for burial lots within a period of seven years and guaranteeing to the receiver the sum of $85,000, with interest,

as the total sales price. Additionally, said association obligated itself to spend $25,000 for the improvement of the cemetery property, to erect thereon or remove thereto a chapel and to establish a "perpetual maintenance fund" of at least six cents per square foot of all burial lots sold. On October 8, 1945, the stipulated price of $85,000 having been paid, the receiver executed a deed to King Solomon Cemetery, Inc., as nominee of Cresthaven Cemetery Association, for the lots remaining unsold as of that date, as provided in the agreement.

On November 25, 1946 the receiver filed his final account, covering his entire administration, and it was referred for audit to a special master who found it correct. In the meantime exceptions to the account were filed by the defendants, Adam Frank and Ernest Kurzrok, which, by orders of December 31, 1946 and July 11, 1947, were referred by the court to another special master to hear and report.

At the hearing on the exceptions the receiver was sworn, took the stand, and, after identifying and introducing his account, testified that it contained a complete and accurate record of his receivership and that nothing material to the receivership was omitted therefrom. The exceptants did not cross-examine but insisted that the receiver should proceed further to substantiate and prove in detail each and every item of his report. The master ruled that the receiver had established a *prima facie* case as to the correctness of his account and called upon the exceptants to proceed. This they refused to do, but applied instead to the court for an order reviewing this procedure and directing the course to be thereafter followed at future hearings on the exceptions. This resulted in an order of the court under date of January 7, 1948, affirming the method of procedure adopted by the master and refusing to direct a different method.

This order is the subject of appeal in the first of the above causes. In view of the situation before the master, as shown by the above recited facts, we think the court reached the right conclusion. The exceptants apparently failed to distinguish between mere procedure and the rule pertaining to the burden of proof. The time had not yet arrived for the

application of the latter rule which remains, as always, and as observed by the court below, "that in all matters of charge against the account, the burden of proof is upon the exceptant; but in all matters of discharge, the burden is upon the accountant", citing *Kirby v. Coles,* 15 *N. J. L.* 441. In any event the order is interlocutory, pertains merely to procedure, the parties are not shown to have been aggrieved thereby, and it is, therefore, not appealable within the intendment of *R. S.* 2:29–117. Cf. *Stevens v. Stevens,* 24 *N. J. Eq.* 574 *(E. & A.* 1874*); Read v. Huff,* 40 *Id.* 229, 232 *(E. & A.* 1885*); In re Ryan,* 130 *Id.* 380 *(Ch.* 1941*).*

The appeal is accordingly dismissed with costs.

■ The second of the above entitled causes involves an appeal from an order dated May 26, 1948, denying defendant Kurzrok's application for an order directing the receiver "and/or" Cresthaven Cemetery Association, Inc. to account for all lands of the West Ridgelawn Cemetery sold and all money received pursuant to the order of October 29, 1938 hereinabove referred to. The sole basis for this application is the assertion in the petition that neither the receiver nor the Cresthaven Cemetery Association, Inc. "has accounted at any time for the sale of said cemetery lands". However, the record before us is barren of any evidence to support such allegations. On the contrary it appears, as stated in the order appealed from, that the receiver had long before, on November 25, 1946, filed his final account showing the receipt of and possession by him of the full consideration of $85,000 for the lands in question, with interest, to which account Kurzrok had filed exceptions which were then before the special master for determination.

■ The defendant, Kurzrok, asserts in his brief that he has been deprived of the benefit of the process of *subpoena duces tecum* in the hearings before the master on his aforesaid exceptions, and that the order appealed from forecloses his opportunity of obtaining information necessary for the proper determination thereof. However, the petition on which the order appealed from is based makes no reference to the need for such process, asks for no relief with respect thereto, and, so far as the record discloses, no request therefor was made

to the court at the hearing when the order was made. The petition, on its face, asks only for an accounting, not for process in aid of exceptions to an account already filed.

The order appealed from is affirmed.

The third of the above entitled causes involves five appeals, one from each of five orders of the former Court of Chancery dated August 12, 1946, September 4, 1946, October 29, 1946 and December 31, 1946, respectively, and an alleged oral order of December 2, 1946. However, it now appears that the appeals from all of these orders, except that of October 29, 1946, were dismissed by the former Court of Errors and Appeals on June 27, 1947, to the end that the orders therein appealed from be vacated and set aside in accordance with the consent of the parties, and the subject-matter thereof is not now before us.

The remaining order of October 29, 1946, directed the receiver to pay, out of the funds in his hands, fees to several attorneys for services rendered to parties in the receivership proceedings. The first ground of appeal is that the order was granted on *ex parte* application. However, the record before us does not reveal any justification for this claim and apparently no application was made to the court below to set aside the order for the asserted reason. It is also urged as a reason for reversal that four of the attorneys provided for in the order rendered no services for West Ridgelawn Cemetery or its lot owners and there was no previous order retaining them. However, since these attorneys apparently rendered services for other parties to the proceedings, the allowances, on the record before us, were within the discretionary powers of the court, *R. S.* 2:29–131, and no abuse thereof is shown.

This order is affirmed.

The mandate of the court will issue in accordance with the conclusions hereinabove expressed.

In No. A–25—

*For dismissal:* Justices CASE, HEHER, WACHENFELD, BURLING, and ACKERSON—5.

*Opposed:* None.

In No. A–26—

*For affirmance:* Justices CASE, WACHENFELD, BURLING, and ACKERSON—4.

*For modification:* Justice HEHER—1.

In No. A–27—

*For affirmance:* Justices CASE, HEHER, WACHENFELD, BURLING, and ACKERSON—5.

*For reversal:* None.